People v Rodriguez (2021 NY Slip Op 00030)





People v Rodriguez


2021 NY Slip Op 00030


Decided on January 05, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 05, 2021

Before: Webber, J.P., Singh, Kennedy, Shulman, JJ. 


Ind No. 786/15 786/15 Appeal No. 12779 Case No. 2018-3545 

[*1]The People of the State of New York, Respondent,
v
Jose Rodriguez, Defendant-Appellant.


Janet Sabel, The Legal Society, New York (Lorca Morello of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Jennifer L. Watson of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Margaret L. Clancy, J.), rendered March 8, 2017, convicting defendant, after a jury trial, of menacing in the second degree, and sentencing him to three years' probation, unanimously affirmed.
Defendant's speedy trial motion was properly denied. The court properly excluded a dispositive 95-day adjournment between October 9, 2015 and January 12, 2016. The minutes of the calendar call on October 9, 2015 show that the Assistant District Attorney appearing on the case advised the court, based on a note from the assigned assistant, that the assigned assistant had spoken to defense counsel, and they had agreed to an adjournment. Defense counsel did not confirm or deny that representation, but instead asked to approach the bench without the Assistant District Attorney. The court's contemporaneous notes of the ensuing unrecorded ex parte conversation state that defense counsel was "taking a leave for personal reasons," that the case would be adjourned for hearing and trial, and that the time was excludable. Thereafter, on the record, the court adjourned the matter to January 12, 2016 and advised defense counsel that under the circumstances, the time would be excludable. The court did not elaborate on the record what counsel stated at the bench. At a hearing on defendant's speedy trial motion, defense counsel and the justice presiding at the October 9, 2015 calendar call confirmed they had an ex parte conversation during the calendar call, however, neither could recall whether it was in the context of this case. Nevertheless, the court' s notes and the notes of the assigned Assistant District Attorney support the conclusion that defense counsel had requested and thus consented to the adjournment, and had done so ex parte, out of privacy concerns.
Thus, the motion court correctly determined that the evidence established that the adjournment was granted at the request of and with the consent of defense counsel, as the Assistant District Attorney had represented at the beginning of the calendar call (see e.g. People v Alvarado , 281 AD2d 318, 319 [1st Dept 2001], lv denied 96 NY2d 859 [2001]). In concluding that the time was excludable, the motion court did not deem binding the determination of excludability made at the October 9, 2015 calendar call (see People v Berkowitz , 50 NY2d 333, 349 [1980]); rather, that determination simply
supported the inference that defense counsel had requested and consented to the adjournment during the ex parte conversation with the court that immediately preceded it.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 5, 2021